IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LONE STAR CHAPTER PARALYZED VETERANS OF AMERICA and SKYEWARD BOUND RANCH, | § § § § | |
| *Plaintiffs*, | § § | Civil Action No. SA-10-CV-316-XR |
| v. | § § § | |
| CITY OF SAN ANTONIO and SAN ANTONIO POLICE DEPARTMENT, | § § § § | |
| *Defendants*. | § § § § | |

**ORDER ON MOTION TO DISMISS**

On this day, the Court considered Defendants' Motion to Dismiss the San Antonio Police Department ("SAPD") as a defendant in this action. [Docket Entry No. 39]. Having reviewed the motion and the Plaintiffs' response, the Court GRANTS Defendants' motion to dismiss SAPD as a defendant.

**Procedural History**

Plaintiffs, Lone Star Chapter Paralyzed Veterans of America and Skyeward Bound Ranch, sued the City of San Antonio and SAPD over their actions related to Plaintiffs' charity sweepstakes machines. SAPD filed this Motion to Dismiss, alleging that the Department is not capable of being sued as a separate entity. [Docket Entry No. 39]. Plaintiff responded, and Defendant replied. [Docket Entry No. 42, 43].

**Analysis**

The "[c]apacity to sue or be sued" is governed by "the law of the state where the court is located." FED. R. CIV. P. 17(b)(3). Thus, Texas law governs on this question. In order to sue a city department in Texas, "[the department] must enjoy a separate legal existence," meaning that it must be "a separate and distinct corporate entity." *Darby v. Pasadena Police Dep't*, 939 F. 2d 311, 313 (5th Cir. 1991) (internal citations omitted). Thus, unless the "true political entity" has explicitly "[granted] the servient agency with jural authority," it may not sue nor be sued. *Darby*, 939 F.2d at 313.

It does not appear that SAPD has been granted jural authority. San Antonio adopted its current city charter by election. San Antonio Charter, editor's note before art. I ("The charter included herein was adopted at an election held on October 2, 1951, to become effective on January 1, 1952."). This election was under the Texas Constitution's Home Rule Amendment. *Burch v. City of San Antonio*, 518 S.W.2d 540, 543 (Tex. 1975); TEX. CONST. ART. XI, § 5. Therefore, the City of San Antonio is a "home-rule municipality" under Texas law. *See* TEX. LOC. GOV'T CODE ANN. § 5.004 (Vernon 2009). A home-rule municipality in Texas "may provide for a police department." TEX. LOC. GOV'T CODE ANN. § 341.003 (Vernon 2009). San Antonio created the police department as a department of the city government. San Antonio Charter, art. V, § 50(3). San Antonio also reserved to itself the general powers of a home-rule city. San Antonio Charter, § 3, para. 1 ("[T]he city shall have all municipal powers, . . . including without limitation the powers conferred expressly and permissively by laws passed pursuant to the Texas Home rule Amendment, as now or hereafter amended, all of which are hereby adopted."). This includes a specific grant to San Antonio to "sue and be sued." *Id.* Plaintiff does not allege, nor does our research turn up, any

indication that San Antonio, by charter or ordinance, granted the same authority to the police department.

Plaintiffs have sued both the SAPD and the City, and the dispute in this case arises from the following sentence in *Darby*: "[O]ur cases uniformly show that unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation *except in concert with the government itself*." 939 F.2d at 313 (emphasis added). Plaintiffs argue that this sentence means "that a 'servient agency' may be sued so long as it is sued in concert with the appropriate government agency." However, adding the City as a defendant is insufficient to permit Plaintiffs to sue SAPD. *See Thomas-Melton v. Dallas County Sherriff's Dep't*, 39 F.3d 320 (5th Cir. 1994) (unpublished decision) (indicating that even if the county were added as a defendant, plaintiff would still need to show that a county department was an entity amenable to suit).

When suit is brought against a city department that is not granted jural authority, courts may construe the claim to be brought against the city, but not when the city is also sued or individual city agents are sued in their official capacities. *See, e.g.*, *Washington v. Austin Police Dep't*, No. A-06-CA-041-SS, 3 (W.D. Tex. Jul. 21, 2006) (accepting recommendation to dismiss the claim against the police department because the questions raised by suits against department agents in their official capacities are identical to those raised by suits against the city). Further, courts routinely dismiss claims against government departments and agencies that lack independent jural status, even when they are sued in concert with the government entity. *See* Order Granting Motion to Dismiss, *Hughes v. City of Schertz*, No. SA-07-CV-0054-RF, 2007 WL 3128511, at *1-2 (W.D. Tex. Sept. 28, 2007) (dismissing a city's fire department that was sued together with the city, which had reserved in its

charter all powers and had not explicitly granted jural authority); *Wakat v. Montgomery County*, 471 F. Supp. 2d 759, 768 ("The plaintiffs have not demonstrated that the [Sherrif's department] has been granted such authority by Montgomery County. Accordingly, the [department] is not a proper defendant."); *Wiginton v. Dallas County*, No. 3:06-CV-0991-B, 2006 WL 2405054, at *2 (N.D. Tex. Aug. 18, 2006). Thus, the issue is whether there has been a grant to the government department of the right to sue or be sued, not whether the city and department have been sued together.

Here, San Antonio reserved all rights, did not grant jural authority to the police department, and there is no reason to construe a suit against the department as a suit against the city because the city is a party. For these reasons, the SAPD's motion is GRANTED.

## Conclusion

The Court GRANTS SAPD's motion to dismiss (Docket no. 39), and all claims against SAPD are DISMISSED.

It is so ORDERED.

SIGNED this 5th day of August, 2010.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE