UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LONE STAR CHAPTER PARALYZED VETERANS OF AMERICA, and SKYEWARD BOUND RANCH, | § § § § | |
| Plaintiffs, | § | |
| v. | § § | CIVIL ACTION NO. |
| CITY OF SAN ANTONIO, | § § | SA-10-CV-0316 XR |
| Defendant. | § § | |

## ORDER ON MOTION TO COMPEL AND/OR SANCTIONS
(Docket entry no. 64)

The matter before the Court is defendant's motion to compel interrogatory responses and/or motion for sanctions (docket entry #64) as well as the response and reply thereto.

The motion involves two sets of interrogatories served on plaintiffs on November 9. Responses were due on December 9, but not received by defendant until December 23. The motion to compel complains that the delay in responding was without justification and that the responses eventually tendered were incomplete and unresponsive.

Insofar as the motion seeks the sanction of an order striking plaintiffs' pleadings for failing to satisfy discovery obligations, that request is DENIED. Plaintiffs have not shown good cause for failing to timely respond to the discovery; however, the sanction requested is the most severe and not justified at this stage of the dispute. Plaintiffs however are cautioned that close attention to their discovery obligations is expected and future failures will be appropriately sanctioned.

Insofar as the motion seeks an order compelling responses, the parties do not dispute the

relevancy of the information sought.  Rather the plaintiffs explain that they have or will answer with information they have in their possession or control, but that much of the information sought is in the possession of others.

Plaintiffs are reminded that the federal discovery rules require them to furnish information available to them, without undue labor and expense. **See** Fed. R. Civ. Pro. 33(b)(1)(B).  As the party bearing the burden of proof to support their objections, plaintiffs have not shown that responding to defendant's discovery by gathering information from these third-parties is either oppressive or burdensome, or not reasonably available.  Defendant is not required to seek  relevant information from non-parties, particularly if that information is available to the plaintiffs.  To the extent the plaintiffs objected to this discovery because the information requested is available from third parties, that objection is overruled.

## Order

It appears from the response and the reply to the motion that interrogatory responses which were submitted to the Court with the Motion to Compel (Exhibit D to #64) have been supplemented.  Those supplemental responses have not been submitted for the Court's review. I am therefore unable to assess the sufficiency of the most current responses.  Additionally some information responsive to these interrogatories may have been withheld pending resolution of the protective order dispute, which was the subject of the Order entered on January 25 (docket entry # 88).  With that matter resolved this week, further supplementation of the interrogatory responses is presumptively taking place.

Accordingly, in the interests of justice, the motion to compel is GRANTED, such that plaintiffs are ordered to submit full and complete responses to the interrogatories propounded on

November 9 to defendant no later than February 11.

After review of same, defendant may supplement its Motion to Compel to specifically address any continuing deficiencies in those responses and to request its expenses in pursuing compliance with this Order.

**SIGNED** on January 28, 2011.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE