# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **SKYEWARD BOUND RANCH,** | § | |
| | § | |
| | § | |
| **Plaintiffs,** | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | |
| **CITY OF SAN ANTONIO,** | § | **SA-10-CV-0316 XR** |
| | § | |
| **Defendant.** | § | |

### <u>ORDER GRANTING MOTION FOR PROTECTIVE ORDER (Docket entry 87)</u>

The matter before the Court is the motion by the State of Texas, by and through the office of the Bexar County Criminal District Attorney, to prohibit plaintiff from examining witnesses scheduled for deposition on what movant claims are privileged matters involving ongoing state criminal law enforcement proceedings (docket entry 87). Also before the Court are plaintiff's response and movant's reply.

The motion involves depositions which were scheduled for February 2 (and which have been continued pending ruling on this motion) of SAPD detectives and officers, as well as designees of the City of San Antonio and the Police Department. The motion is supported by an affidavit which states that deponents have knowledge about records and communications in ongoing state criminal investigations. Plaintiff has noticed the depositions of the City and Police Department to include the following topics as summarized by movant:

> the various locations where all seized property is located, knowledge of the chain of custody of seized property, the identity of any individuals, employees, organizations or law enforcement officials with knowledge of the current location of all seized property and location where property was placed for Plaintiffs' benefit, with knowledge of whether a request was made to the Office of the Attorney General for prosecutors assistance for any and all matters related to Plaintiffs, with knowledge of communications with the Office of the Attorney General for prosecutors assistance relating to Plaintiffs, with knowledge of who/what/where/when/why policies were had or communications occurred with the Office of the Attorney General relating to Plaintiffs, and with knowledge of who/what/where/when/why policies were had or

communications occurred with the Bexar County District Attorney's or its liaison relating to Plaintiffs.

**See** docket entry 87, Exhibit A, pages 15-18.  Movant argues that both the law enforcement privilege, recognized in **Hobson v. Moore**, 734 S.W. 2d 340 (Tex 1987), as well as the attorney work product privilege warrants entry of a protective order to prohibit inquiry into ongoing state criminal law enforcement investigations during the scheduled depositions.

In response plaintiff voices its frustration in attempting to gather information to challenge the seizure of the computers used to conduct plaintiff's charity sweepstakes, in that the seizures were made without a search warrant or initiation of forfeiture proceedings.  Plaintiff argues that Chapter 552 of the Texas Public Information Act does not establish the privilege relied on by movant, that movant construes the work product privilege too broadly, and that plaintiff should be entitled to no less information in this civil proceeding than it would be entitled to if plaintiff were prosecuted criminally.   **Analysis:** Federal Rule of Civil Procedure 26(c) provides that any person from whom discovery is sought may move for a protective order upon a showing of good cause.  Movant relies on the law enforcement privilege in requesting this protective order.  The privilege has been recognized by federal common law, **see Tuite v. Henry,** 181 F.R.D. 175, 176-77 (D.D.C. 1998), as well as the Texas Supreme Court.  **Hobson v. Moore**, 734 S.W.2d 340 (Tex. 1987).  The privilege is considered to be "qualified" and dependent on consideration and balancing of a number of factors. **Tuite v. Henry**, 98 F.3d 1411, 1417 (D.C. Cir. 1996).  Those factors include:

(1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any interdepartmental disciplinary proceedings have arisen or may arise from the

2

investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; (10) the importance of the information sought to the plaintiff's case.

**Id.** (*citing* **Frankenhauser v. Rizzo**, 59 F.R.D. 339, 344 (E.D.Pa.1973), *cited* in **Friedman v. Bache Halsey Stuart Shields, Inc.**, 738 F.2d 1336, 1342-43 (D.C.Cir.1984)).

In the affidavit attached to the motion as Exhibit B, an Assistant District Attorney familiar with the investigation states that release of the information from the deponents would "interfere with and cause harm to the current ongoing investigation and prosecution of state criminal activity...."  In a previous Order in this case principles of abstention and comity figured strongly in the District Court's analysis and denial of a request for TRO.  I am similarly mindful of those principles and the policies they further in determining the scope of the depositions and the discoverability of the information for which the law enforcement privilege has been asserted.  Additionally, to the extent plaintiff intends to question the deponents concerning prosecutorial decisionmaking, evaluations and strategies, I find that those areas are protected from inquiry by work-product immunity.  F.R.Civ.P. 26(b)(3).

Having examined the parties' arguments, the areas of inquiry included in the deposition notices and the applicable law, I conclude that movant has met its burden, and established good cause and the applicability of both the law enforcement privilege and work product immunity.  Accordingly, the motion for protective order is ORDERED GRANTED such that plaintiff is prohibited from inquiring during the scheduled depositions into privileged law enforcement and work product matters relating to ongoing state criminal law enforcement investigations.

**SIGNED** on February 12, 2011.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

3