UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| SKYEWARD BOUND RANCH, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| CITY OF SAN ANTONIO, | § | SA-10-CV-0316 XR |
| | § | |
| Defendant. | § | |

ORDER EXCLUDING EXPERT TESTIMONY

This order addresses the pending motions to exclude the plaintiff's designated experts — Nick Farley, Don Feichter, and Chris Canard.[1] I have jurisdiction to resolve the motions because they are nondispositive and because the district judge referred the motions to me. Although some of the pleadings associated with the motions are sealed, I did not seal this order because it does not specifically refer to confidential matters. After considering all the pleadings and the applicable law, I grant the motions.

**Nature of the case.** This case alleges constitutional violations arising from the enforcement of a municipal ordinance regulating the payment of taxes on coin-operated machines. The plaintiff,[2] Skyeward Bound Ranch (SBR), is a nonprofit organization that

---

[1]Docket entry #s 61 & 103.

[2]There were originally two plaintiffs in this case, but the claims brought by plaintiff Lone Star Chapter of Paralyzed Veterans of America have been dismissed without prejudice. *See* docket entry # 97.

solicits donations to support programs for children with life-threatening illnesses. SBR purports to raise funds "using personal computers that are placed in businesses that are using the same program to advertise alcoholic beverages and a sweepstakes in San Antonio, Texas."[3] SBR leases computer equipment and software from World Touch Gaming, Inc. (WTGI) and Hest Technologies, Inc. (Hest). According to SBR, defendant City of San Antonio (the City) — through its police department — issued citations relating to gambling violations and confiscated several of SBR's leased computers. SBR contends that applying city ordinances and the Texas Penal Code to SBR is unconstitutional and in violation of the First and Fourteenth Amendments.[4] SBR seeks injunctive and declaratory relief.

**SBR's designation of experts**. Under the original scheduling order, SBR's deadline for designating expert witnesses was November 11, 2010; the deadline for completing discovery was December 9, 2010.[5] On November 18, 2010, the district court extended SBR's deadline for designating witnesses until December 2, 2010, and the discovery deadline until December 30, 2010. On December 2, 2010, SBR designated Feichter, Canard, and Farley as expert witnesses.[6]

---

[3] Docket entry # 29, p. 4, ¶ B.

[4] Docket entry # 29.

[5] Docket entry # 45.

[6] Docket entry # 56.

2

Feichter is the president of WTGI and oversaw the development of WTGI's software.[7] Canard founded Hest and designed Hest Sweepstakes Marketing System.[8] SBR designated Feichter and Canard to testify about the security features associated with their respective software and the manner of software operation, and to opine that their software does not constitute gambling.[9] Additionally, SBR designated Canard to testify about its damages. SBR did not identify the purpose of Farley's testimony. However, Nick Farley & Associates, Inc. inspected the two software systems at issue in 2007 and 2008 for an unrelated case.[10]

**The City's motions.** On December 23, 2010, the City moved to exclude the SBR's experts for failing to provide the type of expert report required by Rule 26(a)(2),[11] and on grounds of unreliability and irrelevancy. On December 29, 2010, one day prior to the close of the extended discovery period, SBR forwarded supplemental documents on Feichter and Canard.[12] SBR also attached documents pertaining to Farley's testimony to the Second Amended Complaint. Following Canard's deposition, the City moved to

---

[7]Docket entry # 74, ex. A, p. 2.

[8]Docket entry # 74, ex. A, p. 3.

[9]Docket entry # 56, p. 3.

[10]Docket entry # 61, ex. B & C.

[11]Docket entry # 61.

[12]Docket entry # 74, ex. A.

3

strike Canard as an expert in the field of economic damages and/or financial losses.[13]

**SBR's response**. Responding to the motions to exclude, SBR contended that Feichter and Canard are exempted from submitting a Rule 26(a)(2)(B) report, because the experts are not "retained or employed to provide expert testimony in this case, nor are they persons employed by a party nor do their employment duties include giving expert testimony."[14] About Farley, SBR asserted that the documents attached to the Second Amended Complaint constitute a relevant and reliable expert report.

**Applicable authorities.** Expert testimony must be reliable and relevant, and disclosures provided according to the Federal Rules of Civil Procedure. If a party fails to provide information or identify witnesses in accordance with the rules, the party offering the evidence may not use the information at trial and the testimony must be excluded.[15]

Rule 26(a)(2)(A) states "a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the

---

[13] Docket entry # 103.

[14] Docket entry # 66, p. 1.

[15] Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").

4

Federal Rules of Evidence."[16] Rule 26(a)(2)(B) further states that "this disclosure shall … be accompanied by a written report prepared and signed by the witness."[17] The due date for submitting the expert reports must in any case be no later than 90 days before trial, or, if stipulated to in the scheduling order, whichever date the court assigns to the reports or to the completion of discovery.[18]

Under the 2010 amendment to Rule 26, expert witnesses not specially employed or retained and who do not regularly give expert testimony must provide (1) the subject matter of their testimony and (2) a summary of the facts and opinions to which they will testify.[19] The information required under the new rule — Rule 26(a)(2)(C) — is less extensive than an expert report under 26(a)(2)(B), but the two forms of disclosure share the goal of increasing efficiency and reducing unfair surprise.[20] Courts require a party seeking to avoid producing a full expert report to show the proposed expert is not required to submit a report.[21]

---

[16] Fed. R. Civ. P. 26.

[17] Fed. R. Civ. P. 26.

[18] Fed. R. Civ. P. 26(a)(2)(D).

[19] Fed. R. Civ. P. 26(a)(2)(C)(i), (ii).

[20] *See* Fed. R. Civ. P. 1 (securing the "just, speedy, and inexpensive determination of every action").

[21] *See Meredith v. Int'l Marine Underwriters*, No. JKB–10–837, 2011 WL 1466436, at * 4 (D. Md. Apr. 18, 2011) ("A party seeking to avoid producing an expert report bears the

**Canard.** A dispute exists about whether SBR was required to submit a Rule 26(a)(2)(B) expert report as to Canard. As the proponent of the witness, SBR was required to show Canard is not required to submit an expert report and to show the reliability and/or relevancy of Canard's testimony. SBR did not show that Rule 26(a)(2)(C) applies to Canard's testimony.

The advisory committee notes suggest Rule 26(a)(2)(C) applies to treating physicians or other healthcare professionals and employees of a party who do not regularly provide expert testimony. Requiring less of an expert who is not retained or specially employed is logical because that type of witness usually has firsthand factual knowledge about the case.[22] Canard is neither a healthcare professional nor a SBR employee. Moreover, SBR has not established that Canard has first-hand factual knowledge of this case so as to escape the requirement that he submit a full expert report. Although he may be knowledgeable about Hest Sweepstakes Marketing System,

---

burden of demonstrating that the witness is a hybrid."); *Morris v. Wells Fargo Bank*, No. 09-CV-02160-CMA-KMT, 2010 WL 2501078, at * 3 (D. Colo. June 17, 2010) (requiring the party offering the expert to set forth some evidence about why the expert is exempt from submitting an expert report because that party is more likely to possess the information necessary to establish the status of the witness).

[22]*See Young v. United States*, 181 F.R.D. 344, 346 (W.D. Tex. 1997) (holding that unless a treating physician has been specifically retained as an expert, his testimony is based on the physician's personal knowledge of the plaintiff's treatment and cannot be extended to issues not involved with the treatment, examination, or diagnosis of the patient).

nothing suggests Canard has any special knowledge about the issues or factual allegations in this litigation.

Even assuming Rule 26(a)(2)(C) applies, SBR was nevertheless required to disclose the subject matter of Canard's testimony, and the facts and opinions to which he will testify. Although SBR supplemented its expert designation of Canard on December 29, 2010 — by providing a brief summary of Canard's resume and the subject matter of his testimony — the supplemental document did not contain any recitations of facts or opinions.[23] The document identified the subject matter of Canard's testimony as the operation of the Hest Prepaid Planet Sweepstakes Management System and damages in the case, but it did not list the facts or opinions to be presented through Canard's testimony. Instead, the document summarized Canard's resume. Although the supplemental document addressed the relevancy of Canard's testimony — because Canard is the designer of the software program leased by SBR — the document contained no opinions, identified no facts forming the basis of Canard's testimony, and failed to provide the computation of damages.

Concerning the software's operation and security features, the supplemental document contained only conclusory statements that the Texas Alcoholic Beverage Commission approved the use of Canard's Sweepstakes system. Although the document

---

[23]Docket entry # 74, ex. A.

stated that Canard would testify about SBR's damages, it did not identify SBR's damages or specify the basis for calculating damages. When questioned about his calculation of SBR's damages, Canard testified that his calculations were preliminary and he could not identify revenue losses attributable to the City's conduct.[24] At a minimum, SBR's designation of Canard was required to give the City notice of the facts and the opinions Canard would present. SBR did not meet this requirement.[25] For that reason, Canard is not permitted to testify.

**Feichter.** A dispute also exists about whether SBR was required to submit an expert report as to Feichter. As the proponent of the witness, SBR was required to show Rule 26(a)(2)(C) applies to Feichter such that Feichter is not required to submit a Rule 26(a)(2)(B) expert report. SBR did not show that Rule 26(a)(2)(C) applies to Feichter's testimony.

Feichter is neither a healthcare professional nor a SBR employee. Feichter also lacks first-hand factual knowledge of this case. SBR's designation of Feichter as an expert

---

[24] Docket entry # 103, ex. B.

[25] *See Hardin v. Wal-Mart Stores*, No. 1:08-CV-00617 AWI GSA, 2010 WL 3341897, at *4 (E.D. Cal. Aug. 25, 2010) ("It is not a party's label assigned to a witness, e.g., non-retained, that controls. Rather, the testimony to be offered controls the retention designation. Plaintiff's designation of these witnesses as non-retained does not provide Defendant with a reasonable opportunity for cross examination. Here,…Plaintiff has failed to identify the witnesses with specificity, nor has he adequately supported his contention that these witnesses are non-retained experts….").

witness stated he would testify about the security features associated with WTGI software, the manner in which the software operated, and how the software complies with Texas law on sweepstakes.[26] This indicates Feichter may be knowledgeable about WTGI gaming software, but it does not indicate Feichter has first-hand factual knowledge of this case.

Assuming Rule 26(a)(2)(C) applies to Feichter, SBR provided no facts or opinions about Feichter's proposed testimony. SBR's supplemental document presented no information to prove Feichter's reliability as an expert witness. Instead, the document stated that the software operated in a manner that meets Texas statutory requirements without identifying the applicable statutes or listing the statutory requirements the software satisfies. In addition, SBR did not show Feichter is qualified to opine about whether his software complies with Texas sweepstakes law. SBR has not met its burden. For this reason, Feichter is excluded from testifying.

**Farley.** SBR also failed to meet its burden as to Farley because it failed to provide the information required under Rule 26(a)(2)(B). The documents provided to the City do not constitute an expert report. Under Rule 26(a)(2)(B), an expert report must provide an exhaustive list of the witnesses opinions, and the bases and reasons behind those opinions; any information the witness relied upon to form those opinions; any exhibits

---

[26]*See* docket entry # 56, p. 3 & # 74, ex. A.

the witness will use to support the opinions; a listing of the witness's qualifications and previous expert testimony; and the compensation the witness will receive.[27] Farley's purported "report" did not demonstrate Farley's qualifications, his compensation, his opinions, or the data he relied upon.[28] The submitted documents are irrelevant in this case because they were prepared for an unrelated case in state court in North Carolina in 2008. Moreover, Farley relied on a disclaimer noting that he has not conducted a review of the systems used by SBR since 2008, and must conduct an analysis before stating the software does not constitute gambling.

In addition, Farley's testimony and report would not help the fact-finder. Federal Rule of Evidence 702 permits a qualified expert to testify to any specialized information or knowledge if that testimony will aid the fact-finder in understanding a fact in issue. Farley's report does not meet Rule 702's helpfulness requirement because it addressed gambling as defined under North Carolina state laws. A report about gambling under North Carolina law is unhelpful to determining the software's legality under Texas state law. In addition, Farley stated that he has not inspected the equipment used by SBR, and that if any changes have been made to the software, he must evaluate the equipment

---

[27] Fed. R. Civ. P. 26(a)(2)(B).

[28] *See* docket entry # 29, ex. 11 & 12.

before offering an opinion.[29]

Finally, Farley's report included documents prepared for other lawsuits. The opinions disclosed in the documents include a disclaimer from Farley's company, stating that the opinions relayed in no way stipulate as to the legality of using those systems in any state. Farley's report falls short of Rule 702's requirements. For these reasons, Feichter is excluded from testifying.

**Conclusion and court's order.** "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation."[30] Mutual knowledge does not exist in regard to Farley, Feichter and Canard. SBR did not show that Feichter and Canard are not required to submit an expert report. Even if Rule 26(a)(2)(C) applies to Feichter and Canard, the information supplied to the City does not satisfy the requirements for witnesses who are not required to submit an expert report. The documents constituting Farley's expert report fail to satisfy the criteria for expert reports. Farley, Feichter, and Canard are excluded from testifying as expert witnesses. I GRANT the motions to strike SBR's experts (docket entry #s 61 & 103).

**SIGNED** on June 1, 2011.

_____
Nancy Stein Nowak

---

[29] *See* docket entry # 100, attach. 1.

[30] *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE