# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SKYEWARD BOUND RANCH, § | | |
| § | | |
| Plaintiff, § | | |
| v. § | CIVIL ACTION NO. | |
| § | | |
| CITY OF SAN ANTONIO, § | SA-10-CV-0316 XR | |
| § | | |
| Defendant. § | | |

### ORDER DENYING MOTION FOR RECONSIDERATION (docket entry 151)

The matter before the Court is plaintiff's motion to reconsider the Order (docket entry 150) granting defendant's motion to exclude expert testimony of two witnesses, Chris Canard and Nick Farley (docket entry 151). The motion is opposed (docket entry 152).

### Standard

The Federal Rules of Civil Procedure do not recognize a "motion for reconsideration" by that name and plaintiff did not provide a rule of procedure under which it urges its motion. A court may reconsider an interlocutory order pursuant to Federal Rule of Civil Procedure 54(b). While the court has authority to reconsider and reverse its decision for any reason it deems sufficient,[1] this Court has consistently utilized the standards of Federal Rule of Civil Procedure 59 to inform its analysis of a reconsideration request.[2] To prevail on a Rule 59 motion, the movant must show at

---

[1] *Saqui v. Pride Cent. Am., LLC*, -- F.3d ---, 2010 WL 184252 (5th Cir. Jan. 21, 2010) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir.1990)).

[2] *See e.g. Vladmir Ltd. v. Pac. Parts Supply Co.*, No. SA-08-CV-819-XR, 2009 WL 4110288, at *2 (W.D. Tex. Nov. 20, 2009); *see also Dos Santos v. Bell Helicopter Textron, Inc. Dist.*, No. 4:06-CV-292-Y, 2009 WL 2474771, at *3 (N.D. Tex. Aug. 13, 2009) (looking to Rule 59 as a guide to reconsider an interlocutory order); *T-M Vacuum Prods., Inc. v. TAISC, Inc.*, No. C-08-309, 2008 WL 2785636, at *2 (S.D. Tex. July 16, 2008) (same); *Sky Techs. LLC v. SAP AG*, No. 2:06-CV-440 (DF), 2008 WL 2775487 (E.D. Tex. July 15, 2008) (same).

least one of the following: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) the need to correct a clear or manifest error of law or fact or to prevent manifest injustice.³ Plaintiff's motion appears to be premised on the argument that reconsideration is necessary to correct an error of law or fact, or to prevent manifest injustice.

## Analysis

With respect to proposed witness Canard, plaintiff essentially argues that it provided defendant with all the disclosures required by Rule 26(a)(2)(C). Whether or not plaintiff was required to provide a full expert report under Rule 26(a)(2)(B) with respect to Canard, at a minimum plaintiff had an obligation under Rule 26(a)(2)(C) to disclose the subject matter of Canard's testimony and a summary of the facts and opinions to which he will testify. Plaintiff states that it supplied this information on December 10, 2010. I have reviewed the documents submitted by plaintiff on that date and find that other than a statement regarding Canard's education, design and marketing credentials, and his prior experience as an expert in North Carolina litigation, the only statement which bears on his "facts and opinions" is the following: "He will testify regarding its [the sweepstakes program's] operation as well as damages in this case."⁴ This does not satisfy the disclosure requirement and there is no manifest injustice in the

---

³*In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).

⁴Docket entry no. 74, Exh. A. The disclosure concerning Canard was included in a letter from plaintiff's counsel to defendant's attorneys. The letter forwarded a brief statement regarding witnesses Fiechter and Canard, as well as a 10 page order granting a preliminary injunction in April 2008, in a state court case in North Carolina. The entire disclosure for Canard is as follows:

> Chris Canard is an expert in the creation of technology based marketing systems. Graduating from The University of Texas at Arlington in 1993 with a degree in Computer Science and Engineering, Mr. Canard went on to design and implement marketing systems for a number of large corporations. Mr. Canard founded Hest Technologies, a company whose focus is to provide advanced marketing systems

2

Court enforcing plaintiff's disclosure obligation under the scheduling order and the rules of procedure by excluding a witness for whom the disclosure is inadequate.

With respect to Farley, plaintiff again suggests that its disclosures were adequate under the rules. Plaintiff states in its motion to reconsider: "All requisite disclosures for expert witnesses Farley and Canard have been provided to Defendants upon service of the original Complaint on April 22, 2010 in the present action." [5] The disclosures which plaintiff identifies as responsive to Rule 26(a)(2)(B) consists of letters to an attorney in El Paso dated July 27, 2007 and January 25, 2008 in which Farley analyzes various components of the Apex Sweepstakes System and the Hest Prepaid Planet Sweepstakes Management System.[6] Rule 26(a)(2)(B) required plaintiff to provide a report specific to this litigation, which included:

(i) a complete statement of all opinions the witness will express and the basis and

---

and capabilities to small non profits and for profit business concerns.

Chris Canard was accepted as an expert witness and testified to the operation of the Hest Technologies' Sweepstakes Marketing System in Superior Court in the State of North Carolina in which the Court issued an injunction on behalf of Hest Technologies against the state ending any further enforcement action against the operators of the Hest Technologies' Sweepstakes Marketing System. The injunction is attached hereto.

Chris Canard is the designer of Hest Technologies' Sweepstakes Marketing System, authorized by the Texas Alcoholic Beverage Commission as a mechanism to conduct sweepstakes within TABC licensed establishments. The Sweepstakes program is the Hest Prepaid Planet sweepstakes Management System. He will testify regarding its operation as well as damages in this case.

Mr. Canard is not specially employed or retained to provide testimony in this case, nor do his duties as a company employee regularly involve giving expert testimony.

[5]Docket entry 151, para. 2 on p. 2.

[6]The January 2008 letter was attached to docket entry 4, Additional Exhibits in support of the Original Complaint, as exhibit 1. Both documents are also attached to docket entry 29, second amended complaint, exhibits 11 and 12.

reasons for them;

(ii) the facts or data considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

Regardless of whether the two letters were drafted in the context of litigation that might be related to the matter before this Court, the documents on which the plaintiff relies as being appropriate disclosure fail to address any of the categories of information required by Rule 26(a)(2)(B). Nor do any of the attachments to plaintiff's motion to reconsider satisfy Rule 26(a)(2)(B) requirements. Whether plaintiff argues that the disclosures satisfy Rule 26(a)(2)(B) or that enforcement of the expert disclosure rule would work "manifest injustice," the Court rejects both arguments. Plaintiff failed to provide the necessary disclosure with respect to its proposed witness and the consequences of that failure are exclusion of its proposed expert. Application of the disclosure rule here is neither unfair nor "manifest injustice."

For the reasons stated above, the motion to reconsider as to both witnesses (docket entry 151) is DENIED.

**SIGNED** on June 30, 2011.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE