# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SKYEWARD BOUND RANCH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| CITY OF SAN ANTONIO, | § | SA-10-CV-0316 XR |
| | § | |
| Defendant. | § | |

## ORDER ON PENDING MOTIONS

Several matters are pending before the Court.

1.  Docket entry 113:

•   Defendant moves for sanctions – specifically requesting that plaintiff's claims for damages be stricken – after plaintiff failed to produce bank records and other financial documents which were the subject of a previously filed motion to compel and order granting same. Defendant argues that the bank records are relevant to plaintiff's claims for monetary damages. Plaintiff responds that the motion is moot in that it no longer requests monetary damages.

    In light of plaintiff's response, the motion for sanctions is DENIED as MOOT. If the bank statements remain relevant to an issue other than the abandoned request for money damages, defendant may so advise the Court and re-urge its motion.

•   Defendant also moves for an order compelling plaintiff to produce documents withheld based on various privilege claims. Those documents were the subject of an earlier

1

motion to compel and objections to production were overruled.[1]

To the extent the motion seeks to compel plaintiff to produce documents which plaintiff has in its possession or control responsive to defendant's first request for production #32, the motion is once again GRANTED. Plaintiff is ORDERED to produce those documents within 14 days of date of this order.

- Defendant moves for an order compelling non-party Canard to produce documents which were discussed at a deposition. It appears that Canard refused and produced a privilege log[2] in which he listed a number of emails between himself and plaintiff's counsel and designated those emails as privileged. Defendant objects to Canard's assertion of privilege.

    The court cannot analyze the motion given the current state of the record. Neither the deposition notice or subpoena directing Canard to produce categories of documents which would include these emails nor the deposition transcript were submitted with this motion to compel. Prior to the Court assessing the applicability of claims of privilege, it must review the scope of the underlying request for the subject documents and their relevance to the claims at issue. To the extent the motion seeks an order directing Canard to produce, the motion is DENIED.

2.  Docket entry 118.

---

[1] Docket entries 65, 67 and 92.

[2] In its motion to compel, defendant represented that the subject privilege log was attached to its motion as exhibit F. Exhibit F is actually a bank record. Exhibit 3 to plaintiff's response to the motion to compel (docket entry 121) identified as "Privilege Log - Chris Canard" appears to be the document which is the subject of this motion.

- Defendant moved to vacate the previously entered Protective Order (docket entry 88) based on plaintiff's improper designation of documents as confidential and/or "for attorneys eyes only."

    To the extent the defendant asks the court to find that the TABC letters, lease agreements, etc. are not entitled to protection, the defendant's motion is essentially a motion to reconsider the Order entered on January 25, 2011 (docket entry 88). Defendant has not shown that reconsideration is necessary to correct an error of law or to prevent manifest injustice.[3] The motion is DENIED.

- To the extent defendant asks the Court to hold that Canard has no authority to designate documents as confidential because he is not a party, the Court agrees. The Protective Order directs that information disclosed at a deposition of a non-party may be designated by <u>any party</u> as confidential.[4] Any designation as confidential made by Canard is

---

[3]*See e.g. Vladmir Ltd. v. Pac. Parts Supply Co.*, No. SA-08-CV-819-XR, 2009 WL 4110288, at *2 (W.D. Tex. Nov. 20, 2009) (discussing motions to reconsider and factors to apply to analysis of same).

[4]Docket entry 89, para. 5 reads:

> Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party (which information pertains to a party) may be designated by any party as "Confidential" or "For Counsel Only" ("or Attorneys' Eyes Only") information by indicating on the record at the deposition that the testimony is "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") and is subject to the provisions of this Order.
> Any party may also designate information disclosed at such deposition as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") by notifying all of the parties in writing within thirty (30) days of receipt of the transcript, of the specific pages and lines of the transcript which should be treated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") thereafter. Each party shall

ORDERED REMOVED. Designation of information disclosed at Canard's deposition as confidential by plaintiff are, however, permissible under the Protective Order.

- To the extent defendant asks the Court to review plaintiff's restrictive classification of certain documents as "for attorneys eyes only," the Court finds that plaintiff – who has the burden to show good cause for the restriction– has not demonstrated that the restrictive classification is justified. The discovery is not improper if there is the possibility that information might be used for purposes of a criminal prosecution. In the absence of showing that defendant is either abusing the discovery process or that the prosecution of a criminal case is substantially and irreparably prejudiced by the disclosure, the mere fact that the information produced might be used for a criminal prosecution does not warrant limiting access to the information to "attorneys eyes only."[5] The authorities cited by the plaintiff to support its position that the restrictive classification is warranted are inapposite, and the Court is unable to locate any authorities which support the position advanced by the plaintiff. The motion to vacate is GRANTED insofar as plaintiff's designation of certain documents as "for attorneys eyes only" is ORDERED REMOVED as without justification.

3. Docket entry 126:

---

attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody or control. All deposition transcripts shall be treated as "For Counsel Only" (or "Attorneys' Eyes Only") for a period of thirty (30) days after the receipt of the transcript.

[5]*See generally, Dominguez v. Hartford Financial Services Group, Inc.*, 530 F.Supp.2d 902 (S.D.Tex. 2008) (analysis of implications on discovery process in light of criminal prosecution of plaintiff in the context of a motion to stay the entire proceeding).

Plaintiff moves for a protective order with respect to production of its bank statements. Specifically, plaintiff asks the court to limit disclosure of the bank statements to counsel only.

The court understands defendant's request for plaintiff's bank records to have been relevant to plaintiff's claim for money damages. However, plaintiff's proposed amended pleading removes its claim for money damages, rendering the bank records irrelevant and non-discoverable.

Accordingly, the motion for protective order is DENIED as MOOT. If defendant continues to argue it is entitled to these documents, it is directed to file an advisory with the Court clarifying the basis for entitlement to the bank records under Rule 26(b)(1), and the Court will then analyze the motion for protective order and plaintiff's position that access to the documents should be restricted to counsel only.

4. Docket entry 127:

Plaintiff moves to seal a document or portions of a document previously filed by the defendant, asserting that it contains confidential information. Defendant opposes the motion.

If plaintiff is complaining about information in the exhibits to the motion, the motion is unnecessary; defendant filed all the exhibits to docket entry 118 under seal. Further, as defendant notes, the names of the specific attorneys who sought opinions from the Texas Alcoholic and Beverage Commission referred to in the body of the motion are found in the exhibits attached to the Second Amended Complaint (docket entry 29). The motion to seal references from those documents is unwarranted. Additionally, as the

5

party with the burden to demonstrate good cause for the request to seal, plaintiff has failed to explain how references to Olmos Mart, Olmos Food Mart and Trip Wire Entertainment require sealing of the motion or a portion of same. The motion to seal is DENIED.

******

After investing substantial time reviewing the submissions of the parties in connection with the above motions, the Court encourages both parties to consult with the Clerk of Court, specifically the Operations Supervisor for the San Antonio Division, regarding filing and submission of documents using CM/ECF in a manner that is efficient for all concerned. Specifically, the parties are reminded:

a. to file documents in text .pdf format (not image or scanned .pdf format) when possible. See a video describing why this is significant and how to create a text .pdf document for electronic filing here:

http://www.utd.uscourts.gov/judges/PDF_Types.htm.

b. to identify documents attached to motions and responses, etc. with as much precision as possible. This enables the Court and opposing counsel to be able to maneuver through the multiple attachments to motions, etc. and identify the desired document from its description more quickly and without the necessity of opening poorly identified documents repeatedly merely to determine what documents are actually attached to a particular submission. For helpful examples of how attachments can be more effectively described when uploaded in CM/ECF, see "CM/ECF Attorney Presentation," particularly slides 8 and 9 found here: http://www.txwd.uscourts.gov/ecf/default.asp; and

"Electronic Filing Tips for Effective Advocacy," page 16 found here:

http://www.txwd.uscourts.gov/ecf/training/ppoint_072408.pdf.

c.  there is no need to attach a copy of a document previously made part of the record to a subsequent motion, response, etc. A simple reference to the docket entry number of a previously entered order, or previously filed motion, or a document previously submitted as an attachment to an earlier filing is sufficient.

d.  if a party is requesting relief from the court, the motion or other pleading should contain at a minimum a reference to the applicable rule of procedure which authorizes the relief sought . See Local Rule CV-7(c): "All motions herein referred to, while not required to be accompanied by legal authorities, must state the grounds therefore and cite any applicable rule, statute, or other authority, if any, justifying the relief sought. For example, discovery related motions should contain a reference to the applicable discovery rule.

Attention to the above by counsel will greatly assist the Court in reviewing and analyzing their submissions in this and other matters before the Court.

It is so ORDERED.

**SIGNED** on July 2, 2011.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE