UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SKYEWARD BOUND RANCH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| CITY OF SAN ANTONIO, | § | SA-10-CV-0316 XR |
| | § | |
| Defendant. | § | |

### ORDER DENYING MOTION TO RECONSIDER (#163)

The matter before the Court is plaintiff's motion to reconsider an Order granting an earlier motion to reconsider (docket entry 163). Also before the Court is the defendant's response (docket entry 164). These matters have been referred to the undersigned for disposition.

The Order[1] which plaintiff asks be revisited directed as follows:

> The Court GRANTS defendant's motion to compel (docket entry 113) insofar as plaintiff is ORDERED to produce responsive documents, and specifically emails between nonparty Hest Technologies and its president, Chris Canard, and plaintiff's counsel, which are in plaintiff's possession, custody or control, on or before 14 days from entry of this Order." Dkt. #161.

The motion to compel concerned a document production request in which defendant made the following requests:

> REQUEST FOR PRODUCTION NO. 32: Please provide any and all documents, including, but not limited to electronic mail, between Plaintiff and Hest Technologies, Inc. that relate in any manner to the claims made in this lawsuit. This request includes, but is not limited to, correspondence between any and all employees, directors, officers or anyone affiliated with either entity.

---

[1] Docket entry 161.

>REQUEST FOR PRODUCTION NO. 35: Please provide any and all documents, including, but not limited to electronic mail, between Plaintiff and Hest Technologies, Inc. for the last 3 years. This request includes, but is not limited to, correspondence between any and all employees, directors, officers or anyone affiliated with either entity.

By its motion plaintiff asks the Court to relieve it of the obligation to produce emails between plaintiff's attorney and Hest. Plaintiff argues that the Order directs production of documents which were not the subject of a discovery request because defendant only asked for production of emails between plaintiff and Hest, and did not ask for emails from plaintiff's attorney to Hest.

Plaintiff also asks for relief from obligations relating to documents requested of Chris Canard in connection with his deposition. As to the latter argument defendant responds that the motion to compel which triggered the Order which is the subject of this reconsideration request concerned Rule 34 production requests – not deposition documents. Accordingly, the Court interprets the matter before it as involving whether defendant's Rule 34 document request included a request for emails between plaintiff's attorney and Hest, and whether the order compelling compliance with the Rule 34 request is based on a mistake of law or fact, or results in manifest injustice.[2]

Focusing on the Rule 34 requests, the production request was preceded by a set of definitions, including the following:

>"Plaintiff" or "you" or "your" means plaintiff, its agents, representatives, and all other persons acting in concert with it, or under its control, whether directly or indirectly, including any attorney.

Having examined the Requests for Production, including these definitions, I conclude that

---

[2]*In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).

defendant's request for production **did** include a request for emails between plaintiff **and plaintiff's attorney** and Hest. Plaintiff has not shown that reconsideration of the Order granting the motion to compel is warranted as plaintiff has failed to show that the Court's previous order was premised on a mistake of law or fact or results in manifest injustice.

Additionally, to the extent that plaintiff objects to production of documents in the possession of its attorney, the Court reminds plaintiff that documents in the possession of plaintiff's attorney are deemed to be in plaintiff's custody, possession or control for purposes of Rule 34.[3]

For the reasons stated above, the motion to reconsider is ORDERED DENIED. Plaintiff is ORDERED to produce those documents as directed in the Order of July 29 (docket entry 161), including emails between plaintiff's attorney and Hest, no later than August 26, 2011.

**SIGNED** on August 19, 2011.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[3] *E.g., Ashman v. Solectron Corp.*, 2009 WL 1684725, 5 (N.D.Cal.2009); *American Society For Prevention of Cruelty To Animals v. Ringling Brothers and Barnum & Bailey Circus*, 233 F.R.D. 209, 212 (D.D.C.2006)*; Poole ex rel. Elliott v. Textron, Inc.,* 192 F.R.D. 494, 501 (D.Md.2000).